582

until Allen's unliquidated, uncertain, and greatly contingent claim[2] is established in the state court, where it is pending, as having existed as a debt when the complained of transfer of assets occurred, or unless additional evidence of the effect of that transfer upon the company's solvency is offered.

Unless and until then the Allen claim is established, or there is further proof of the effect of the complained of transfer, there is, and there will be, no basis or warrant for a decree directing the national bank receiver to pay moneys belonging to his trust, to the state receiver.

Finally, as the suit deals with real equities, if Allen's claim should be established for any sum, and it should be thereupon determined that the trust company was rendered insolvent by the distribution, and is to any extent insolvent now, there should not be a decree for the whole sum distributed by the dividend, but only for the amount of it by which it was made insolvent, and which is needed to pay off any of its unpaid creditors.

The decree is therefore reversed and the cause is remanded, with directions to stay further distribution by the national bank receiver, and further proceedings in this cause, for a reasonable time while the state court receiver is proceeding with despatch to have the Allen claim liquidated, and adjudicated, and for further proceedings thereafter in accordance herewith. The stay of liquidation as to the national bank will be vacated, and this suit dismissed without prejudice, should there be default in reducing Allen's claim to judgment with despatch, or thereafter in diligently prosecuting this cause.

Reversed and remanded, with directions.

W. H. Burwell, Marion E. Sibley, E. B. Kurtz, and W. L. Reed, all of Miami, Fla., for cross-appellant.

Carl T. Hoffman and L. L. Robinson, both of Miami, Fla., and Kit Williams, of Washington, D. C., for cross-appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

This cross-appeal involves only the amount of interest to be allowed on the judgment in favor of cross-appellant. Considering the decision in Bancroft, Receiver, v. Taylor, Receiver (C.C.A.) 91 F.(2d) 579, decided this day, the cross-appeal is dismissed as moot.

## COLLINS v. MOSHER. *
### No. 8309.

Circuit Court of Appeals, Ninth Circuit.
Aug. 23, 1937.

## TAYLOR v. BANCROFT.
### No. 8407.

Circuit Court of Appeals, Fifth Circuit.
July 27, 1937.

[2] As he first brought his suit, he made no claim at all against the trust company, but merely charged it with having papers in its possession.

*Rehearing denied Oct. 11, 1937.